UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

HAMPTON ISLAND OWNERS'
ASSOCIATION, INC.,

               Debtor.

CHAPTER 11

CASE NO.: 15-64711-MGD

## MOTION FOR RULE 2004 EXAMINATION

COMES NOW Hampton Island Owners' Association, Inc., by and through counsel, moves this Court for the entry of an order directing Lee Burton ("Burton") and John J. Neely, III ("Neely"), principal of Spottail Landing, LLC, to submit to an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and in support thereof shows the following:

1.      Burton, in his individual capacity, and Neely (through Spottail Landing, LLC) own Property on Hampton Island which is subject to the Declaration that establishes the Debtor and as such have a financial interest in these proceedings and are owners of the holders of potential claims against the Debtor pursuant to the outcome of litigation pending in Adversary Proceeding No. 15-05303 before this court. Neely's interest in Property on Hampton Island is through an entity under his control – Spottail Landing, LLC.  Debtor requires a 2004 examination of Burton and Neely to inquire as to the potential liabilities of Debtor as it relates to these potential creditors' claims.

2.      Debtor is a "party in interest" as that term is referenced in Rule 2004(a). Debtor has potential claims against Burton and Neely/Spottail that would be assets of the bankruptcy estate that it needs to investigate through the use of this 2004 examination.

3.      The information Debtor seeks is appropriate and within the scope and purposes of Bankruptcy Rule 2004, which provides, in relevant part, as follows:

The examination of an entity under this rule or of the debtor under §343 of the Code

may relate only to the **acts, conduct, or property or to the liabilities** and financial condition of the debtor, or to any matter which **may affect the administration of the debtor's estate**, or to the debtor's right to a discharge. In . . . a reorganization case under chapter 11 of the Code, other . . . the examination may also relate to the operation of any business and the desirability of its continuance, **the source of any money** or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

The purpose of this 2004 Examination relates the Debtor's "acts, conduct or property or to the liabilities and financial condition of the debtor." Rule 2004(b). An examination pursuant to Rule 2004(a) is necessary to obtain information about these creditors' potential claims and how they would affect the administration of the bankruptcy estate. Moreover, Debtor believes it may have claims against these individuals or companies under their control that would constitute assets of the bankruptcy estate and a potential source of income or property to fund a plan of reorganization.

4.     The scope of inquiry is broad because "[t]he purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (S.D. N.Y. 2004). As Debtor is attempting to investigate its potential liabilities and assets, the scope of discovery that Debtor seeks is well within the confines of discovery allowable under Rule 2004.

5.     Fed. R. Bankr. P. 2004(c) provides that "the attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Rule 9016 of the Fed. R. Bankr. P. incorporates Rule 45 F.R. Civ. P. with regards to subpoenas. A copy of the subpoenas that will be issued to Neely and Burton are attached hereto as Exhibits "A" and "B".

-2-

6.      This Motion under Rule 2004 may be heard *ex parte*. *See, generally*, 2 Collier, Bankruptcy, paragraphs 343.02, 343.08, 343.13.

7.      Debtor request that the Court order Burton and Neely to appear on or before September 16, 2015, at a time to be agreed upon by both parties at a mutually agreeable location in Savannah, Georgia for examination pursuant to Federal Rule of Bankruptcy Procedure 2004. The examination will be taken before an officer authorized to administer the oath and will continue from day to day thereafter until completed.

8.      A copy of the proposed Order is attached hereto as Exhibit "C".

WHEREFORE, Debtor respectfully requests the following relief:

1.      That Burton and Neely be required and ordered to submit and appear on or before September 16, 2015, at a mutually convenient location and time as agreed upon by the parties for examination pursuant to Federal Rule of Bankruptcy Procedure 2004; and

2.      That Debtor be granted such other and further relief as may be just and proper.

Respectfully submitted,


/s/ Will Geer
Ga Bar No. 940493
Law Office of Will B. Geer, LLC
willgeer@willgeerlaw.com


Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
Telephone: 678-587-8740
Facsimile:  404-287-2767

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                              CHAPTER 11

HAMPTON ISLAND OWNERS'                              CASE NO.: 15-64711-MGD
ASSOCIATION, INC.,

        Debtor.

## CERTIFICATE OF SERVICE

       I hereby certify that on September 2, 2015, I electronically filed the foregoing Motion for

Rule 2004 Examination with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorneys of record, as well

as mailed a copy via U.S. First Class mail to any party who does not receive notice via ECF:


Ronald S. Leventhal
1360 Peachtree St NE, Ste 750
Atlanta, GA  30309

Hampton Island Owners' Association, Inc.
One Midtown Plaza
1360 Peachtree Street, NE, Suite 750
Atlanta, Georgia 30309

Kristen Tucker, Steven G. Hall, and Robert Brazier
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
MONARCH PLAZA, SUITE 1600
3414 PEACHTREE ROAD, N.E.
ATLANTA, GA  30326
ktucker@bakerdonelson.com
shall@bakerdonelson.com


       This 2nd day of September 2015.

          /s/
Will B. Geer

Georgia Bar No. 940493
Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
Telephone: 678-587-8740
Facsimile:  404-287-2767

Exhibit "A"

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Georgia_____

In re __Hampton Island Owners' Association, Inc.__     Case No. ___15-64711___
                     Debtor

                                         Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Lee Burton c/o Robert Brazier, Baker Donelson, 3414 Peachtree Rd., NE, St. 1600, Atlanta, GA 30326__
                     *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE  Mutually agreeable time and location in Savannah, GA | DATE AND TIME  September 16, 2015, 10:00 a.m. |
|---|---|

The examination will be recorded by this method: ___stenographic means___

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___9/2/2015___

                     CLERK OF COURT

                                         OR     _Will Geer_

        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Hampton Island Owners' Association, Inc.__ , who issues or requests this subpoena, are:
Will B. Geer
333 Sandy Springs Circle, NE, Suite 225, Atlanta, GA 30328
T: 678-587-8740
Email: willgeer@willgeerlaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit "B"

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of ___ Georgia _____

In re __ Hampton Island Owners' Association, Inc. __     Case No. ___ 15-64711 ___

Debtor

Chapter ___ 11 ___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __ John J. Neely, III __ c/o Robert Brazier, Baker Donelson, 3414 Peachtree Rd., NE, St. 1600, Atlanta, GA 30326

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE  Mutually agreeable time and location in Savannah, GA | DATE AND TIME  September 16, 2015, 10:00 a.m. |
|---|---|

The examination will be recorded by this method: __ stenographic means __

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ 9/2/2015 __

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__ Hampton Island Owners' Association, Inc. __ , who issues or requests this subpoena, are:

Will B. Geer
333 Sandy Springs Circle, NE, Suite 225, Atlanta, GA 30328
T: 678-587-8740
Email: willgeer@willgeerlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

HAMPTON ISLAND OWNERS'
ASSOCIATION, INC.,

            Debtor.

CHAPTER 11

CASE NO.: 15-64711-MGD

## PROPOSED ORDER GRANTING REQUEST FOR 2004 EXAMINATION

On September 2, 2015, Hampton Island Owners' Association, Inc., the Debtor and debtor-in-possession in the above-styled case, filed its Motion for 2004 Examination of Lee Burton and John J. Neely, III, as principal of Spottail Landing, LLC, seeking entry of an order authorizing or compelling Ms. Burton and Mr. Neely to appear at a mutually agreeable location in Savannah, Georgia for an examination under Rule 2004 of the Bankruptcy Rules. The Motion having been read and considered and cause having been shown, it is hereby

**ORDERED** that the Motion is **GRANTED** to permit that examination by Debtor and any party-in-interest in accordance with Fed. R. Bankr. P. 2004(b) and that Lee Burton and John J. Neely shall appear for examination on or before September 16, 2015 at a mutually agreeable time and location in Savannah, Georgia.

-END OF DOCUMENT-

Prepared and submitted by:

_____/s/_____
Will B. Geer
Georgia Bar No. 940493
Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
T: 678-587-8740
F: 404-287-2767

willgeer@willgeerlaw.com