[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12177

_____

D.C. Docket Nos. 1:16-cv-03719-LMM; 15-bkc-64711-MGD


IN RE: HAMPTON ISLAND OWNERS' ASSOCIATION, INC.

                                                                              Debtor,

_____


HAMPTON ISLAND HOLDINGS, LLC,
THE HAMPTON ISLAND CLUB, LLC,
BLUE HERON INVESTMENTS, LLC,
FULCRUM LOAN HOLDINGS, LLC,
HAMPTON ISLAND CLUB, LLC,
HAMPTON ISLAND, LLC,
LIBERTY CAPITAL, LLC,
REFLECTIONS HOUSE, LLC,
TURTLE LAKE HOLDINGS, LLC,

                                                               Plaintiffs - Appellants,

HAMPTON LAND HOLDINGS, LLC,

                                                               Plaintiff,

versus

LEE BURTON,
THOMAS BURTON,

SPOTTAIL LANDING, LLC,
REBECCA TALLMAN,
EDWARD TALLMAN, et al.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 22, 2018)

Before ROSENBAUM and JILL PRYOR, Circuit Judges, and BARTLE,[*] District Judge.

PER CURIAM:

      This appeal arises out of a protracted, multi-fora dispute between a number of property owners (the "Property Owners," who are appellees in this case) on Hampton Island, a residential real estate development on the Georgia coast, and real estate developer Ron Leventhal (who is not a party to this appeal), along with several entities he owns and controls, including Hampton Island Owner's Association, Inc. ("HIOA," also a non-party) and the appellants in this case (together, the "Leventhal entities"). In the midst of state-court litigation among these parties, HIOA filed Chapter 11 bankruptcy. Seeking to identify HIOA's assets and liabilities, particularly amounts owed to or by the Leventhal entities, the Property Owners sought discovery under Bankruptcy Rule 2004 from the

---

[*] Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

Leventhal entities.  *See* Fed. R. Bankr. P. 2004 (authorizing the bankruptcy court to "order the examination of any entity" by "any party in interest" so long as the examination "relate[s] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge").  The bankruptcy court granted the Property Owners' discovery requests.  After finding that the Leventhal entities failed to comply with its order compelling production of certain documents, the bankruptcy court imposed sanctions, jointly and severally, on the Leventhal entities.  The Leventhal entities appealed the sanctions order to the district court, which affirmed.  *See* Order Affirming Sanctions Award, *Hampton Island Holdings, LLC et al. v. Burton et al.*, No. 1:16-CV-03719-LMM (N.D. Ga. April 12, 2017).  The Leventhal entities then appealed to this Court.

After careful review of the record, and with the benefit of oral argument, we agree with the district court's analysis and adopt its reasoning as our own, with the exception of a portion of Part III.c of the district court's order that addresses the Leventhal entities' argument that the bankruptcy court failed to make a finding that each entity violated its discovery obligations such that it properly could be held jointly and severally liable for the sanctions award.  The district court determined that the Leventhal entities had failed to argue to the bankruptcy court that some entities had not violated any discovery obligation, and the Leventhal entities

3

therefore had failed to preserve any such argument. The Leventhal entities appear to us to have sufficiently preserved this argument, however, at least with respect to some of the entities' failure to produce tax returns. Nevertheless, we agree with the district court's alternative ruling that the Leventhal entities' argument fails on the merits. The bankruptcy court found that all of the Leventhal entities failed to comply with their discovery obligations, and that finding is supported by the record. Even if not all of the Leventhal entities were required to or could produce tax returns, they all were required to produce general ledgers in compliance with the court's order and the Federal Rules of Civil Procedure—that is, in the electronic form in which the ledgers were "ordinarily maintained or in a reasonably usable form," Fed. R. Civ. P. 34(b)(2)(E)(ii)—and all failed to do so by the deadline the bankruptcy court set.

We affirm the district court's order upholding the bankruptcy court's imposition of sanctions, jointly and severally, upon the Leventhal entities.

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 22, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-12177-CC
Case Style: Hampton Island Holdings, LLC, et al v. Lee Burton, et al
District Court Docket No: 1:16-cv-03719-LMM
Secondary Case Number: 15-bkc-64711-MGD

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Julie F. Cohen, CC at (404) 335-6170.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs